# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID BOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00821-TWP-DML |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by David Bott ("Mr. Bott") which challenges a prison disciplinary proceeding identified as No. IYC 17-01-0061. For the reasons explained in this Entry, Mr. Bott's Petition must be **denied**.

### I.  OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## II. THE DISCIPLINARY PROCEEDING

On January 19, 2017, Investigator Feldkamp issued a Report of Conduct to Bott for a violation of Code B-240/213, conspiracy/threatening. The Report of Conduct stated:

> On 1/19/2017 at approximately 10:30 am I Investigator C. Feldkamp reviewed offender Bott, David #104979 GTL phone records. What I discovered in those phone calls is offender Bott conspiring to commit illegal and unauthorized actions in accordance with IDOC policy. In one of those communications offender Bott openly states that he is going to "get him" when he gets out of prison (meaning that he is going to assault an individual) and is considered a threat of harm which supports the 213B Threatening charge. Bott also ask [sic] for an unauthorized financial transaction to purchase an item from another offender. Obtaining money in any manner other than the authorized process is a 220B Unauthorized Financial Transaction as well as offender Bott [sic] statement that he is going to purchase an item from another offender is a 233B violation for Giving and Receiving. The terminology used by offender Bott is also the type of communication discovered in the past as being deceptive and that the communication is actually utilizing code words. Regardless of what is being communicated in the conversation offender Bott has violated three Class B IDOC rules and this writer is seeking aggravated circumstances in the event that this offender is found guilty and sanctioned. End of Report.

Dkt. [2]-1. Mr. Bott was charged with Code B-240 conspiracy and Code B-213 Threatening. Code B-213 is defined as:

> Engaging in any of the following:
>
> 1. Communicating to another person a plan to physically harm, harass or intimidate that person or someone else.
>
> 2. Communicating a plan to cause damage to or loss of that person's or another person's property.
>
> 3. Communicating a plan to intentionally make an accusation that he/she knows is untrue or false.

IDOC Adult Disciplinary Process, Appendix 1: Offenses, at 5, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Code B-240 is defined as: "Attempting to

2

commit any Class B offense; aiding commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense" *Id.* at 7.

Mr. Bott was provided notice of the offense on January 23, 2017. He did not request any witnesses, but did request telephone records as physical evidence and a lay advocate.

The Disciplinary Hearing was held on January 25, 2017. Mr. Bott stated, "[t]here ain't no names. I never said I was going to harm him or physically assault him in any way, Feldkamp cannot assume that. It's got to be facts." The hearing officer found Mr. Bott guilty based on staff reports, the statement of the offender, and GTL telephone records review. The recommended and approved sanctions were 90 days of lost earned credit time. A demotion from credit class 1 to credit class 2 was suspended. The hearing officer stated the sanctions were imposed because of the seriousness and nature of the offense. Mr. Bott's administrative appeals were denied and he filed the instant petition for writ of habeas corpus.

### III. ANALYSIS

Mr. Bott challenges the disciplinary action against him arguing that: (1) the Report of Conduct was filled out incorrectly because the reporting employee did not submit a witness statement to the supervisor and there is no supervisor signature on the form or a time frame listed to show that the report was submitted within 24 hours; (2) his hearing officer was not impartial; (3) the Report of Conduct contains leading statements that played a part in the sanctions; and (4) he was denied the right to speak to his lay advocate. The Respondent asserts that Mr. Bott has failed to exhaust some of these claims and that he has not established a due process violation with regard to the other claims.

A.      **Exhaustion of Administrative Appeals**

The Respondent argues that Mr. Bott's first two claims cannot be addressed in this habeas petition because he did not exhaust them. A prisoner generally is required to exhaust all available administrative remedies before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Moffat v. Broyles,* 288 F.3d 978, 981-82 (7th Cir.2002). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

Specifically, the Respondent argues that Mr. Bott did not raise his claims that the Report of Conduct was not properly filled out and that his hearing officer was biased in his administrative appeals. Mr. Bott raised a number of challenges to the disciplinary action in his administrative appeal, but he did not challenge the method in which the Report of Conduct was filled out. *See* Dkt. [10]-6. He therefore did not exhaust this claim.[1]

Mr. Bott did challenge the impartiality of the decision-maker in his administrative appeals, but not on the same basis that he challenges it in this habeas petition. In his habeas petition, Mr. Bott contends that the Report of Conduct states that the reporting officer is L. Glenn and L. Glenn was also his hearing officer. But the only argument that he made in his administrative appeals related to his contention that the hearing officer was impartial was that "a Sergeant and Ofc. Gagnon were present during the deliberations outside of [his] presence." *Id.* Thus, while Mr. Bott suggested that the hearing officer was impartial, he did not present the same factual basis to support

---

[1] Even if Mr. Bott had raised this claim in his administrative appeals, it would not support habeas relief because it is based only on a violation of IDOC policy and not on a violation of Mr. Bott's constitutional due process rights. *See, e.g.*, *Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process").

4

his position in his administrative appeals.[2] Having failed to do so, he has not exhausted his administrative appeals on this argument. *See Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles."); *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) ("Fair presentment . . . does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same.").

In short, Mr. Bott did not exhaust his administrative appeals with respect to his claims that the Report of Conduct was not filled out correctly and that his hearing officer was impartial. He therefore cannot present them in support of his habeas petition.

**B.**     **Statements in the Report of Conduct**

Mr. Bott also argues that the Report of Conduct contains leading statements that led to his disciplinary conviction. But Mr. Bott does not explain how this statement violated his due process rights. Mr. Bott received written notice of the charges at least 24 hours before the hearing, he had the opportunity to be heard before an impartial decision maker, he had the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals, he received a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action, and there was "some evidence" to support the decision of the board. *See Hill*, 472 U.S. at 454. There is no due process requirement that a Report of Conduct be free from conclusions on the part of the officer writing the report.

---

[2] The Court also notes that the record does not support Mr. Bott's position. The Report of Conduct reflects that C. Feldkamp was the reporting officer and the Report of Disciplinary Hearing reflects that L. Glenn was the hearing officer.

Mr. Bott may be understood to argue that the evidence against him was not sufficient to support the disciplinary conviction. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Here, the Report of Conduct asserted that Mr. Bott stated during a telephone call "[h]e did me wrong[,] I'm going to get him when I get out." This is sufficient to permit a conclusion that Mr. Bott communicated a plan to physically harm, harass, or intimidate another person as defined by Code B-213. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision.").

**C.      Lay Advocate**

Finally, Mr. Bott asserts that he was denied the opportunity to speak to his lay advocate. Although Mr. Bott requested and was granted the use of a lay advocate, the right to a lay advocate is not one protected by the Constitution and due process, except in limited circumstances. *See Miller v. Duckworth*, 963 F.2d 1002, 1003 (7th Cir. 1992) ("Finally, the Court concluded that due process did not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is

involved ... or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" (quoting *Wolff*, 418 U.S. at 570)). Mr. Bott has presented no evidence that he is illiterate and the charge brought against him does not involve complex issues or facts. Regardless of whether Mr. Bott was prevented from speaking to his lay advocate, he does not have a constitutional right to such assistance.

## IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Bott to the relief he seeks. Accordingly, Mr. Bott's Petition for a Writ of Habeas Corpus must be **DENIED** and the action **DISMISSED**.

**SO ORDERED.**

Date: 11/2/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and to:

DAVID BOTT
104979
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
Electronic Service Participant - Court only

7